UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID S. LEVINE, : | |
| : | |
| Plaintiff : | No. 4:CV-05-1373 |
| : | |
| vs. : | (Complaint Filed 07/08/05) |
| : | |
| : | (Judge Muir) |
| CHARLES ERICKSON, : | |
| Superintendent, et al., : | |
| : | |
| Defendants : | |

**ORDER**

July 12, 2005

**Background**

On July 8, 2005, David S. Levine, an inmate presently confined in the Retreat State Correctional Institution, Hunlock Creek ("SCI-Retreat"), Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff names the following SCI-Retreat employees as defendants: Superintendent Charles Erickson, Activities Director Edward Salerno, and Activities Specialists David Popson, Mack Daugherty and Raymond Starzynski. Along with his complaint, plaintiff submitted an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915. The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new

obligations on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit). Also, a new section was added which relates to screening complaints in prisoner actions.[1]

The complaint will now be reviewed pursuant to the screening provisions of the Act. For the reasons set forth below, the instant complaint will be dismissed, without prejudice, as legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i).

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke vs. Williams, 490 U.S. 319, 327-28 (1989); Wilson vs. Rackmill, 878

---

1. Section 1915(e)(2) provides:
   (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

F.2d 772, 774 (3d Cir. 1989).[2]  "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  Denton vs. Hernandez, 504 U.S. 25, 33 (1992).

The plaintiff alleges that on June 24, 2004, he was injured while doing his ab work-out in the prison yard.  Specifically, he states that the lower part of the machine that he was working on "popped up in the air" and he "fell back on the ground approximately 3 to 4 feet" and that "the (T) shape from the machine hit [him] in the face", causing "major injuries to [his] left eye", resulting in twenty-one stitches.  (Doc. No. 1, complaint). He claims that his left bicep was "black and blue and darkish purple in color."  Id.  Levine states that the machine "had a popsicle stick inside the hole with black electrical tape around the hole, so [he] could not notice that

---

2. Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit."  Roman vs. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss vs. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).  Clearly baseless factual contentions describe scenarios "clearly removed from reality."  Id.

3

the machine needed a pin for the (T)shape leg supporter" and that "instead of having the proper metal pin, the popsicle stick and black electrical tape was used to alter the machine." Id.

Levine files the instant action in which he states that "each named in this complaint are being sued in their individual and [official] capacities, negligence, physical injuries, pain and suffering and unsafe conditions of inspection, procedure." Id. For relief, plaintiff seeks compensatory and punitive damages, as well as, injunctive relief.

## Discussion

A plaintiff, in order to state a viable § 1983 claim, must allege that the conduct complained of was committed by a person acting under color of state law and that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or by laws of the United States. E.g., Cohen vs. City of Philadelphia, 736 F.2d 81, 83 (3d Cir.), cert. denied, 469 U.S. 1019 (1984). A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983

liability to attach. Martinez vs. California, 444 U.S. 277, 285 (1980).[3]

The fundamental principles of Eighth Amendment analysis reveal that "only 'the unnecessary and wanton infliction of pain' constitutes cruel and unusual punishment forbidden by [that Amendment]." Ingraham vs. Wright, 430 U.S. 651, 670 (1977) (citations omitted). Accord Whitley vs. Albers, 475 U.S. 312, 319 (1986). The Supreme Court in Whitley taught: "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety...." Id. Negligence or inadvertence alone do not constitute a constitutional deprivation. Id.; Davidson vs. O'Lone, 474 U.S. 344 (1986). Quoting Rhodes vs. Chapman, 452 U.S. 337 (1981), the Supreme Court stated in Wilson vs. Seiter:

> The Constitution, we said, 'does not mandate comfortable prisons,'. . . and only those deprivations denying the 'minimal civilized measures of life's necessities'. . .sufficiently grave to form the basis of an Eighth Amendment violation.

---

3. The Martinez court explained: "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler vs. Pachtman, 424 U.S. 409, 417 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." Id.

501 U.S. 294, 298 (1991).

Applying the above principles to the instant case, the Court concludes that not only does Levine fail to allege any personal involvement on behalf of the named defendants, but he fails to assert the violation of any federal right. The complaint asserts that plaintiff fell from a neglected exercise machine. However, mere negligence resulting in such an accident does not rise to the level of a constitutional violation under either the Fourteenth or the Eighth Amendment and, accordingly, is not cognizable in a § 1983 action. See Daniels vs. Williams, 474 U.S. 327, 332 (1986)("We think the actions of prison custodians in leaving a pillow on the prison stairs, . . . are quite remote from the concerns [of the Due Process Clause] just discussed. Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law."); Williams vs. Bricker, 1996 WL 94811 (E.D. Pa.)("Plaintiff's allegations against defendant Bricker for allowing the staircase to exist in an unsafe condition constitutes, at best, a

6

negligence claim. While an act of negligence may give rise to a state tort claim, negligent conduct is not actionable under § 1983." (internal citations omitted)). Accordingly, we find that defendants' conduct, at best, constituted negligence and, as such, does not implicate the plaintiff's constitutional rights under §1983[4].

Moreover, to the extent that plaintiff names Superintendent Erickson, Activities Director Salerno and Activities Specialists Popson, Daugherty and Starzynski as defendants, claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode vs. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo vs. Goode, 423 U.S. 362 (1976); Hampton vs. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . .

---

4. To the extent that Levine states any state-law claims, pursuant to 28 U.S.C. § 1367(c)(3), we decline to exercise supplemental jurisdiction over them. Those claims will be dismissed without prejudice to any right the plaintiff may have to pursue them in state court. In so holding, the Court expresses no opinion as to the merits of any such claims.

7

> [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Based on a review of plaintiff's complaint, it is apparent that he is relying solely upon a theory of respondeat superior as to the named defendants. Plaintiff fails to assert that they had any personal involvement in actions which resulted in a violation of his constitutional rights. In fact plaintiff states that defendant Erickson is "responsible for the orderly running of the state correctional institution" and "the activities director and the specialists named are responsible for not securing a safe environment." (Doc. No. 1, p. 2). Accordingly, these defendants are entitled to dismissal.

Thus, since plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous. Wilson vs. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial

resources that § 1915(d) is designed to preserve. See Roman vs. Jeffes, 904 F.2d 192, 195 n. 3 (3d Cir. 1990).

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is construed as a motion to proceed without full prepayment of fees and costs and the motion is **GRANTED.**

2. The complaint is **DISMISSED** without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[5]

3. Plaintiff's motion "preventing from retaliation tactics" (Doc. No. 5) is **DISMISSED** as moot.

4. The Clerk of Court shall **CLOSE** this case.

5. Any appeal from this order will be deemed frivolous, not taken in good faith and lacking probable cause.

s/Malcolm Muir

MUIR
United States District Judge

---

5. The dismissal of this action does not relieve plaintiff of the obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order is binding on the SCI-Retreat Superintendent and the warden of any correctional facility to which plaintiff is transferred.